**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **DRAPER FRANK WOODYARD, #183250** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CIV. ACT. NO. 1:24-cv-234-TFM-N** |
| ) | |
| **BALDWIN COUNTY SHERIFF'S** ) | |
| **DEPARTMENT**, *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM OPINION AND ORDER**

There are two matters pending before the Court.  First is the Appeal of the Magistrate

Judge's Order (Doc. 26) and the second is the Report and Recommendation (Doc. 28) on dismissal

under Fed. R. Civ. P. 41(b).  The Court will address both here.

**A.      Appeal of the Order Denying IFP**

On October 10, 2024, the Magistrate Judge denied Plaintiff's request to proceed *in forma*

*pauperis* ("IFP").  *See* Doc. 23.  The Magistrate Judge found that though Plaintiff had filed two

separate motions to proceed IFP, neither met the requirements of 28 U.S.C. s 1915(a)(2).  Plaintiff

filed 3 documents in response on October 28, 2024.  *See* Docs. 24, 25, 26.  The matter is ripe for

review.

A party may seek review of a magistrate judge's ruling on a non-dispositive matter by

serving and filing objections within fourteen days after being served with a copy. FED. R. CIV. P.

72(a). A non-dispositive matter is one that does not dispose of a claim or defense of any party.

*Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1365 (11th Cir. 2007).  "A judge of the court

may reconsider any pretrial matter [on a non-dispositive issue] where it has been shown that the

magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *accord*

Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.").  A finding is clearly erroneous if "the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed." *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997).  Put another way, "[i]n the absence of a legal error, a district court may reverse only if there was an abuse of discretion by the magistrate judge." *S.E.C. v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012) (internal quotation marks and citation omitted); *see also Dees v. Hyundai Motor Mfg. Ala., LLC*, 524 F. Supp. 2d 1348, 1350 (M.D. Ala. 2007) (stating same).  In sum, it is an extremely deferential standard.  *See Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted).

In the case at hand, Plaintiff has not shown that the magistrate judge was clearly erroneous.  In fact, he has not cited any error other than simply implying that the Magistrate Judge was wrong and wants the undersigned to reach a different conclusion.  Given the standard of review, the Court declines to disturb the order and the objections are **OVERRULED** and the Magistrate Judge is **AFFIRMED**.

**B.    Report and Recommendation**

On November 18, 2024, the Magistrate Judge entered a report and recommendation which recommends this action be dismissed without prejudice for failure to prosecute and to comply with the court's orders.  *See* Doc. 28.  No objections were filed.

Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules.  *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).  Further, such a dismissal may be done on motion of the defendant or *sua sponte* as an inherent power of the court.  *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333,

1337 (11th Cir. 2005). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). "[E]ven a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon*, 863 F.2d at 837 (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). Therefore, the Court finds it appropriate to exercise its "inherent power" to "dismiss [Plaintiff's claims] *sua sponte* for lack of prosecution." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also Betty K Agencies, Ltd.*, 432 F.3d at 1337 (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

Accordingly, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and there having been no objections filed, the Report and Recommendation of the Magistrate Judge is **ADOPTED** and this action is **DISMISSED without prejudice** for failure to prosecute and obey the Court's orders.

A separate judgment will issue pursuant to Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 27th day of December, 2024.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE